IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARL T. BENSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-0367-O |
| | ) | |
| DOLLAR GENERAL CORP., | ) | |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is an unspecified civil action brought by a *pro se* litigant.

Parties: Plaintiff resides in Desoto, Texas. Defendant is Dollar General Corporation. The court did not issue process in this case, pending preliminary screening.

Statement of the Case: On February 29, 2008, Plaintiff filed a one-line complaint alleging "wrongful termination and lack of due process." Along with his complaint Plaintiff submitted a motion to proceed *in forma pauperis* and a motion to appoint counsel.

On March 7, 2008, the Court issued a notice of deficiency and order to Plaintiff, notifying him that the complaint failed to comply with Rule 8(a), Federal Rules of Civil Procedure. The order directed Plaintiff to cure the deficiency within thirty days and cautioned him that failure to comply with the order would result in a recommendation that the complaint be dismissed for failure to prosecute. As of the date of this recommendation, Plaintiff has failed to

comply with the deficiency order.

      <u>Findings and Conclusions</u>:  Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

      Because Plaintiff has been given ample opportunity to comply with the deficiency order, but has refused or declined to do so, this action should be dismissed for lack of prosecution.

      Plaintiff's motions for leave to proceed *in forma pauperis* and to appoint counsel should be denied.  A plaintiff in a civil action is not entitled to court appointed counsel as a matter of law.  *See, e.g. Caston v. Sears Roebuck and Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977).  In the context of a Title VII action, a plaintiff's request for appointment of counsel requires an examination of the following: (1) the merits of the claims alleged; (2) efforts undertaken to obtain counsel; and (3) the plaintiff's financial ability to retain counsel.  *See Gonzales v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990).  No single factor is conclusive.  *Id.*

      In the instant case, Plaintiff has not shown that his case presents any exceptional circumstances warranting the appointment of counsel.  Moreover, his motion to proceed *in forma pauperis* is wholly unsupported.

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b), and that the motions for leave to proceed *in forma pauperis* and to appoint counsel be DENIED.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 28th day of April, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.